## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |  |
|---|---|---|
| **TRAVIS S. PIERCE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:25-cv-00121-TES-CHW** |
| **v.** | : | |
| | : | |
| **JONES COUNTY SHERIFF** | : | |
| **DEPARTMENT,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## <u>ORDER</u>

*Pro se* Plaintiff Travis S. Pierce, an inmate at the Jones County Jail in Gray, Georgia,

filed a complaint under 42 U.S.C § 1983 in the Northern District of Georgia.   ECF No. 1.

Plaintiff also filed a motion to appoint an attorney (ECF No. 2) and a request to proceed *in*

*forma pauperis* (ECF No. 3).   Plaintiff's civil action has been transferred to this Court.

ECF Nos. 4 and 5.

## MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney.   ECF No. 2.   A

district court "may request an attorney to represent any person unable to afford counsel."[1]

28 U.S.C. § 1915(e)(1).   There is, however, "no absolute constitutional right to the

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.  *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

appointment of counsel" in a § 1983 lawsuit.    *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted).    Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."    *Id.* (citations omitted).    In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."    The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.    Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.    Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.    Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so

2

unusual" that appointed counsel is necessary.  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 2) is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.   Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint."  *Id*.   Here, Plaintiff has submitted a personal summary of his inmate account and has failed to provide an original account statement that has been completed and signed by a corrections official.   ECF No. 3 at 5-6 Thus, Plaintiff must, within **FOURTEEN (14) DAYS** from the date of this Order, pay the $405 filing fee or file a motion to proceed *in forma pauperis* on the Court's standard form that includes a certified account statement signed by a corrections official and a copy of his prison trust fund account statement for the preceding six months.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for an appointed attorney (ECF No. 2) is **DENIED**.   Plaintiff is **ORDERED** to pay the $405 filing fee or submit an application to

proceed *in forma pauperis* that includes certified copy of his inmate trust fund account signed by a corrections official within **FOURTEEN (14) DAYS** from the date of this Order.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Court's standard *in forma pauperis* application for use by prisoners along with the account certification form with the above civil case number printed there upon.

There will be no service of process in this case upon any Defendant until further order of the Court.

**SO ORDERED and DIRECTED**, this 18th day of April, 2025.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

4